■ WEDTKE REALTY CORPORATION, Appellant, v. MICHAEL KARANAS, Respondent.— Order making partial disposition of the issues reversed on the law and facts and case remitted to the trial court for trial. Order denying motion for leave to serve an amended complaint modified by striking therefrom the following: "without prejudice to the right of the plaintiff to assert the cause of action stated or attempted to be stated as the second cause of action in the proposed amended complaint in a separate and independent action." And as modified affirmed, without costs of this appeal to either party. Memorandum: The first cause of action alleged in the complaint seeks the recovery of rent for the period July 1, 1954 to December 23, 1955 on the theory of implied contract to pay $1,100 a month. The second cause of action is for the reasonable use and occupancy of the premises for the same period. The answer contains a general denial, separate defenses and a counterclaim for fixtures. When the case was reached for trial, the parties stipulated that the jury be excused and that the court try first the questions of law, and that in event the court determines that questions of fact remain, such questions be submitted to the jury for an advisory verdict. The order appealed from dismisses the first cause of action and declares that plaintiff is entitled to recover $125 per month from July 1, 1954 to February 10, 1955, and the reasonable value of the rent and occupancy for the remaining part of the period. The court has made findings of fact and conclusions of law in support of its order and has directed that certain further questions of fact be submitted to the jury for their advisory verdict. Thus it will be seen that the court has already passed upon certain questions of fact and reserved others for a jury trial. It is apparent on its face that the order appealed from is not a final determination of the action. If the matter were properly before us, we would agree that the first cause of action should be dismissed but we would reject the holding that plaintiff is entitled to $125 per month for any period; upon the present record, we would conclude that the plaintiff is entitled to the reasonable rental value of the premises for the entire period. However, we are in effect being asked to review a ruling made by the trial court during the course of the trial. This we may not do. Orderly procedure requires that the order appealed from be reversed and all the issues in the action remitted for trial either before a court and jury or before the court alone, if the parties so stipulate. All concur. (Appeals from an order of Erie Special Term dismissing plaintiff's first cause of action on the merits and from an order of the same court and Justice denying plaintiff's motion to serve an amended complaint, in an action to recover for use of leased premises.) Present — McCurn, P. J., Kimball, Goldman and Halpern, JJ.